[Cite as *Welch v. Welch*, 2014-Ohio-3956.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID M. WELCH | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| First-Petitioner-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TINA L. WELCH | : | Case No. 14-CA-25 |
| | : | |
| Second-Petitioner-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Domestic Relations Divison,
                                 Case No. 09 DS 116

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                September 11, 2014

APPEARANCES:

For First-Petitioner-Appellee            For Second-Petitioner-Appellant

RANDY L. HAPPENEY                        BRADLEY S. NICODEMUS
144 East Main Street                     1409 West Market Street
P.O. Box 667                             Baltimore, OH  43105
Lancaster, OH 43130

*Farmer, J.*

{¶1}   On September 3, 2004, appellant, Tina Welch, and appellee, David Welch, were married.  One child was born as issue of the marriage, Lincoln, born April 26, 2006.  The parties' marriage was dissolved by judgment entry decree of dissolution filed August 14, 2009.  The parties agreed to an equal alternating week-to-week parenting schedule.  Appellant has another child, Regan, from a previous marriage.

{¶2}   On June 3, 2011, appellee filed a motion for modification of residential parent and legal custodian, seeking to terminate the shared parenting arrangement, claiming appellant suffered from physical and psychological issues which affected her ability to parent their child.  A hearing before a magistrate was held on April 24, 2012.  By decision filed April 10, 2013, the magistrate terminated the shared parenting plan and named appellee residential parent and legal custodian of the child, and ordered appellant to pay child support in the amount of $477.59 per month.

{¶3}   Both parties filed objections to the magistrate's orders.  Pertinent to this appeal, appellant claimed the magistrate's calculation of child support did not include the amount of child support she paid for her other child, Regan.  The trial court found no evidence was presented to the magistrate concerning the additional child support obligation and denied the objection.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE TRIAL COURT ERRED BY FAILING TO CONSIDER CHILD SUPPORT PAID BY SECOND-PETITION/APPELLANT FOR ANOTHER CHILD WHEN

CALCULATING A CHILD SUPPORT OBLIGATION PURSUANT TO THE CHILD SUPPORT GUIDELINES AND R.C. §3119, *ET SEQ*."

I

{¶6} Appellant claims the trial court erred in failing to consider the child support she pays for her other child in calculating the child support obligation sub judice. We disagree.

{¶7} Determinations on child support are within a trial court's sound discretion. *Booth v. Booth,* 44 Ohio St.3d 142 (1989). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶8} R.C. 3119.02 governs obligor's child support obligation and states in part "the court or agency shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of sections 3119.02 to 3119.24 of the Revised Code." R.C. 3119.05(B) states in part:

When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, all of the following apply:

(B) The amount of any pre-existing child support obligation of a parent under a child support order and the amount of any court-ordered

spousal support actually paid shall be deducted from the gross income of that parent to the extent that payment under the child support order or that payment of the court-ordered spousal support is *verified by supporting documentation*. (Emphasis added.)

{¶9} In her decision filed April 10, 2013 at ¶ 37, the magistrate specifically noted appellant "has another child, Reagan, but no evidence was presented to determine whether Ms. Welch pays child support for Reagan."

{¶10} In her objections to the trial court filed April 23, 2013, appellant specifically stated, "[t]he Magistrate's calculation of child support does not take into consideration other child support paid by Mother nor the extended parenting time Mother was granted." Appellant acknowledged no evidence of additional child support was presented, but requested that the trial court take additional evidence pursuant to Civ.R. 53(D)(4)(d). Appellant attached to her objections as Exhibit C a child support computation summary worksheet out of Franklin County indicating her child support obligation for her other child. A supplemental memorandum making essentially the same arguments on this issue was filed on June 19, 2013.

{¶11} By judgment entry filed February 26, 2014, the trial court denied the objection on this issue, finding the following:

In Tina Welch's second objection, she claims that the calculation of child support completed by the Magistrate does not account for her child support obligation paid for another child. The Magistrate's Decision

indicated that no evidence was presented concerning Mother's child support obligation for her other child. A review of the transcript and additional Court affidavits allowed to be filed on this issue following hearing pursuant to the transcript indicate the evidence of the amount of Tina Welch's child support obligation for her other child was not presented to the Magistrate. Counsel for Tina Welch argues that the Court should accept this evidence now and correct the child support obligation in order to avoid a mistake.

Counsel for Tina Welch claims that Civil Rule 53(D)(4)(d) supports the position that the Court should now allow additional evidence of Mother's child support obligation for her other child. Civil Rule 53(D)(4)(d) provides that before ruling on objections, "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the Magistrate." Clearly, with reasonable diligence, the amount of Tina Welch's child support obligation for her other child could have been presented as evidence in the hearing before the Magistrate. Therefore, no additional evidence on this matter will be considered, and the objection is denied.

{¶12} A review of the transcript indicates while appellant did make a passing reference during the hearing, "[b]ecause I pay child support for my daughter, my financial status had changed," she did not present any evidence of her child support

obligation for Regan.  T. at 70.  Exhibit C was filed in Franklin County on June 7, 2011, well before the magistrate's hearing of April 24, 2012.  Therefore, the child support computation summary worksheet for appellant's other child was clearly available to be produced for consideration by the magistrate.  We concur with the trial court's decision as appellant did not meet her burden under R.C. 3119.05(B) and Civ.R. 53(D)(4)(d).

{¶13}  Upon review, we find the trial court did not err in denying appellant's objection on this issue.

{¶14}  The sole assignment of error is denied.

{¶15}  The judgment of the Court of Common Pleas of Fairfield, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 807